IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EMERGENCY FUEL, LLC et al., | § § | |
| *Plaintiffs,* | § § | CIVIL ACTION NO. CCB-00-156 |
| v. | § § | |
| PENNZOIL-QUAKER STATE COMPANY, | § § | |
| *Defendant.* | § § | |



## PROTECTIVE ORDER

This matter came before the Court upon the joint request of Pennzoil-Quaker State Company ("Pennzoil") and Emergency Fuel, LLC, Spare Tank, LLC, William Hubbard, Leonard Bloom, and The Estate of Reginald Spencer ("Plaintiffs") for a protective order.

This action will involve production of information, documents and things that include or embody trade secret or other confidential research, development, or commercial information belonging to the parties and perhaps to other persons. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the Court GRANTS the parties' joint motion. The Court therefore ORDERS:

1. **Definitions:**

    a. ***Confidential Information:*** "Confidential Information" means a trade secret or other confidential research, development, or commercial information marked as follows:

    i. ***Deposition Testimony:*** Deposition testimony that a party, a deponent, or the deponent's employer designates as "Confidential" (1) by statement on the deposition record or (2) by written notice to all parties and to the court reporter within thirty days after receipt of the transcript of the deposition. All deposition testimony shall be Confidential Information for thirty days after receipt of the transcript and will continue to be Confidential Information if designated in such period.



ii. ***Document Discovery:*** Each page of a document and the information included on such pages that the Producing Person marks as "Confidential", regardless of the media on which the document is produced, e.g., paper, electronic, CD-Rom.

iii. ***Other Tangible Discovery:*** Any *thing* produced in discovery or court filings in this action (including any media containing information) that the Producing Person conspicuously marks as "Confidential."

Notwithstanding the foregoing, "Confidential Information" shall not include any information, document, or thing:

(A) that is or becomes publicly available other than through a violation of this Order; or

(B) that, at the time of production, the Receiving Party already knows (for information) or possesses (for documents and things) without confidential restriction, as evidenced by written documentation; or

(C) that the Receiving Party rightfully receives from a third party without an obligation of confidence; or

(D) that the Receiving Party develops independently without use of Confidential Information and through persons who have had no access to any Confidential Information;

provided that Confidential Information shall not be deemed to be disclosed or a part of the public domain or literature or otherwise subject to the foregoing provisions merely because it is embraced by more general information which is included within, or which can be assembled from, information which is a part of the public knowledge or literature or in the prior possession of the Receiving Party.

b. ***Designating Person:*** "Designating Person" means the person who designates a document as Confidential Information under this Order.

c. ***Discovery:*** "Discovery" means any deposition testimony, any discovery answer or response, and any information, document, or thing produced by any person in this action.

      d.    *Individual Agreement:* "Individual Agreement" means an agreement in the form of Exhibit A.

      e.    *Late Designations:* "Late Designations" mean: (1) for deposition testimony, designations for protection under this Order more than thirty days after receipt of the transcript and (2) for other Discovery, any designation for protection after production.

      f.    *Producing Person:* "Producing Person" means the person who produces Discovery in this action.

      g.    *Receiving Party:* "Receiving Party" means a party who receives discovery in this action.

    2.    **Designations of Confidential Information:**

      a.    *Effect of Designations:* Each "Confidential" designation applies to the designated page or thing and to any information contained therein.

      b.    *Late Designations:* A Receiving Party shall use reasonable efforts to ensure that all Discovery subject to a Late Designation is treated, from the time of receipt of the Late Designation, as Confidential Information by any person having access through the Receiving Party.

      c.    *Contesting Designations:* A party may contest a "Confidential Information" designation anytime by providing a written objection to the Designating Person and to all other parties. If, within ten business days after receipt of the written objection, the Designating Person does not withdraw the "Confidential" designation or reach agreement with the contesting party, the Designating Person shall file a motion for a protective order with the Court specifically directed to the contested designation and explaining why it is confidential and deserving of protection. The parties shall continue to treat the contested information as covered by this protective order until the

Court rules otherwise. Failure to assert a timely objection to a "Confidential Information" designation shall not waive any party's subsequent right to assert that the information, document, or thing is not confidential.

3. **Use of Confidential Information:** Persons receiving Confidential Information under this Order shall not use such Confidential Information except for purposes of trial preparation, trial, settlement, alternative dispute resolution, and appeal (all relating only to this action).

4. **Disclosure and Access to Confidential Information:** A Receiving Party shall not disclose Confidential Information to any person or permit any person to have access to Confidential Information except:

> a. *Outside Counsel:* Outside counsel of record for the Receiving Party, including such counsels' paralegals, attorneys, secretaries, clerks, contract attorneys, contract paralegals, document contractors, exhibit vendors, graphic art contractors, and jury consultants; and
>
> b. *Pennzoil's Corporate Personnel:* Up to six Pennzoil personnel selected from in-house counsel for Pennzoil (including such counsels' paralegals, secretaries, and clerks), managers, technical employees, or executives; and
>
> c. *Plaintiffs' Corporate Personnel:* Up to a total of six persons for all plaintiffs combined selected from in-house counsel for plaintiffs (including such counsel's paralegals, secretaries and clerks, managers, technical employees, or executives; and
>
> d. *Consultants and Experts:* The Receiving Party's FRCP Rule 26 consultants and experts retained by counsel for assistance with respect to this litigation (even if such consultant or expert is an employee of that party); and
>
> e. *Witnesses:* The witness at a deposition: (i) if the witness is an employee or Paragraph 4(d) consultant/expert of the party designating the Confidential Information or (ii) if the Receiving Party has a good faith reason to believe that the witness has previously seen the Confidential Information.

A Receiving Party shall not disclose Confidential Information to any person described in clauses 4(b), (c) or (d) or to any independent contractors within clause 4(a) unless that person has first signed

an Individual Agreement. A Receiving Party shall maintain all original executed Individual Agreements until five years after the final resolution of this action, however the lack of existence of the original executed Individual Agreements after the passage of the stated period shall not relieve a Receiving Party nor anyone subject to the pertinent Individual Agreements from the obligations imposed by the Individual Agreements. Nothing herein shall prohibit a party from discussing a document designated as Confidential Information with a person shown on the document as an author or recipient. Nothing herein shall preclude a party from filing a motion with this Court objecting to a specific clause 4(d) expert or consultant.

5. **Depositions:** Before any deposition that may involve Confidential Information, the party noticing the deposition shall provide a copy of this Order to the court reporter and obtain an executed Individual Agreement from the court reporter. During deposition examination relating to Confidential Information, a party, a party's counsel, a Designating Person, the witness, or the witness's employer may exclude any person not authorized to have access to Confidential Information. The court reporter shall conspicuously mark each deposition transcript that contains Confidential Information as "Confidential: Subject to Protective Order."

6. **Court and Jury:** A Receiving Party may file Confidential Information with the Court only in a sealed envelope bearing the caption of the case, the name of the party filing the sealed envelope, and the legend "*Contains Confidential Information Subject to Protective Order.*" The party filing the sealed envelope shall simultaneously submit a motion to the Court and an accompanying order pursuant to Local Rule 105.11. A Receiving Party shall not present a Producing Party's Confidential Information to the Court or refer to Confidential Information in court hearings without first informing the Court and the Producing Person that Confidential Information

may be discussed. The Court and/or the Producing Person may then order or seek an appropriate measure of confidentiality on some or all of the Confidential Information.

7. **Subpoenas:** It shall not be a violation of this Order if a Receiving Party or any person having Confidential Information through a Receiving Party produces Confidential Information as required by a subpoena or other binding process if (1) the Receiving Party or other person promptly provides to the Designating Person and the Producing Person a copy of the subpoena or process a reasonable time before the required production to allow the Designating Person or Producing Person an opportunity to contest or seek to modify the subpoena or process and (2) the production is thereafter limited only to such Confidential Information as required by the subpoena or process.

8. **Third Party Information in the Possession of a Party:** A party may mark as Confidential Information any information, documents, or things subject to confidentiality obligations owed to a third party. If a discovery request requires that a party produce information, documents, or things subject to obligations of confidentiality owed to a third party, the party may provide prompt written notice to the third party and a copy of this Order. The third party shall have ten days after receipt of such notice to object to the production.

9. **End of the Case:** Upon final resolution of this action, the parties shall promptly return or destroy all Discovery containing any Confidential Information, including documents and things produced in response to requests for production, copies thereof and all other documents that include any Confidential Information, except that outside counsel of record may retain one file copy of materials made part of the trial record or filed with the Court, and one copy of all depositions, deposition exhibits, and deposition evaluations. Upon final resolution of this action, the Court Clerk may return to counsel or destroy any material filed under seal.

10. **Privileges, Immunities, and Discovery Exceptions -- Inadvertent Production:** This Order shall not affect the right of any person to withhold information, documents, or things because of privilege, immunity, or discovery exceptions (other than the parties' claims of trade secret or confidential information). Inadvertent production of any information, documents, or things shall not waive any immunity, privilege, or exception if, within thirty days after discovering the inadvertent production, the Producing Person provides written notice to all Receiving Parties (1) identifying the information, document, or thing and the applicable immunity, privilege or exception and (2) requesting immediate return of the information, documents, or things. Within ten days after receipt of such notice, each Receiving Party shall return the produced information, document, or thing and destroy all documents containing any information derived therefrom.

11. **Modifications of this Order:** Before and after termination of this action, (1) the Court retains jurisdiction to enforce this Order and to make such amendments, modifications, deletions, and additions to this Order as the Court may deem appropriate, and (2) any party, Producing Person, or Designating Person may move to modify this Order.

ORDERED, this 3rd day of November, 2000:

_____
Catherine Blake
United States District Judge

APPROVED:

BAKER BOTTS, LLP

_____
David A Super
Federal Bar No. 22200
BAKER BOTTS, LLP
The Warner
1299 Pennsylvania Avenue, N.W.
Washington, D.C. 20004-2400
Telephone: (202) 639-7768
Facsimile: (202) 639-7890

ATTORNEY FOR DEFENDANT
PENNZOIL-QUAKER STATE COMPANY


ARMSTRONG, WESTERMAN, HATTORI, MCLELAND & NAUGHTON

_____
Charles H. Nalls, Federal Bar No. 11959
James E. Armstrong, III, *Pro Hac Vice*
Scott M. Daniels, *Pro Hac Vice*
Michael J. Caridi, Federal Bar No. 14591
1725 K Street, N.W., Suite 1000
Washington, D.C. 20006
Telephone: (202) 659-2930

ATTORNEYS FOR PLAINTIFFS
EMERGENCY FUEL, LLC, et al.

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EMERGENCY FUEL, LLC et al., § | |
| § | |
| *Plaintiffs,* § | |
| § | CIVIL ACTION NO. CCB-00-156 |
| v. § | |
| § | |
| PENNZOIL-QUAKER STATE COMPANY, § | |
| § | |
| *Defendant.* § | |

## INDIVIDUAL AGREEMENT CONCERNING PROTECTIVE ORDER

As consideration for my access to Confidential Information in this action, I, _____, agree and acknowledge:

1) I received a copy of the Protective Order entered in this action ("the Order").

2) I read the Order, or an attorney explained the Order to me, and I understand the Order.

3) I will comply with the Order.

4) I submit to jurisdiction in the United States District Court for the District of Maryland for any matters concerning the Order.

5) My address is _____.

6) My present employer is _____.

Signature: _____    Date: _____